UNITED STATES DISTRICT COURT    UNDER SEAL

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 3:14-cr-00306-BR |
| v. | INDICTMENT |
| HAOQIAN LIU,<br>  aka Tony Liu, aka "Jim," and<br>WARREN SUMAYLO,<br>  aka Warren Ng S,<br><br>  Defendants. | Conspiracy to Violate the Arms Export Control Act, to Violate the International Emergency Economic Powers Act, and to Smuggle Goods from the United States<br>(18 U.S.C. § 371) (Count 1)<br><br>Violation of the Arms Export Control Act<br>(22 U.S.C. § 2778(b)(2), (c); 22 C.F.R. §§ 121.1, 123.1, 127.1; 18 U.S.C. § 2) (Count 2)<br><br>False Statement<br>(18 U.S.C. § 1001(a)(2)) (Counts 3, 6, 9)<br><br>Smuggling Goods from the United States<br>(18 U.S.C. §§ 554, 2) (Counts 4, 7, 10)<br><br>Violation of the International Emergency Economic Powers Act<br>(50 U.S.C. § 1705(c); 15 C.F.R. §§ 742.7 and 764.2; Exec. Order No. 13222; 18 U.S.C. § 2) (Counts 5, 8)<br><br>**FILED UNDER SEAL** |

## THE GRAND JURY CHARGES:

### Introductory Allegations

1.  At all times relevant herein, defendant **HAOQIAN LIU**, aka Tony Liu, aka "Jim," a citizen and national of the People's Republic of China, resided and did business in Oregon City, Oregon. Defendant **HAOQIAN LIU**, aka Tony Liu, aka "Jim," did business under the name "OpticFactory." In connection with his business activities, defendant **HAOQIAN LIU**, aka Tony Liu, aka "Jim," had several email accounts at Hotmail.com. Beginning in December 2012, defendant **HAOQIAN LIU**, aka Tony Liu, aka "Jim," began using an additional assumed business name of "Adeadvancedoptics" which he registered with the state of Oregon.

2.  At all times relevant herein, defendant **WARREN SUMAYLO**, aka Warren Ng S, resided and did business in the Republic of the Philippines. In connection with his business activities, defendant **WARREN SUMAYLO**, aka Warren Ng S, had several email addresses at Hotmail.com and at Yahoo.com.ph.

3.  The export from the United States of arms, munitions, weapons, equipment for military use, and related components is strictly controlled. The Arms Export Control Act, Title 22, United States Code, Section 2778, *et seq.*, authorizes the President of the United States to control the import and export of defense articles in furtherance of world peace, national security, and the foreign policy of the United States and to establish and maintain a United States Munitions List for that purpose. The President has delegated the authority to regulate the export of defense articles to the Secretary of State.

///

4. The United States Munitions List is a catalog of designated defense articles that are subject to export restrictions. Included on the United States Munitions List are riflescopes manufactured to military specifications. At all times material to this Indictment, the Office of Defense Trade Controls Compliance of the United States Department of State classified the EOTech Model 553 holographic weaponsight as a riflescope manufactured to military specifications.

5. Any person who intends to export from the United States an article on the United States Munitions List is first required to obtain a license from the United States Department of State.

6. Under the International Economic Powers Act ("IEEPA"), the President is also granted the authority to deal with unusual and extraordinary threats to the national security, foreign policy, and economy of the United States. On August 17, 2001, under the authority of IEEPA, the President issued Executive Order 13222, which declared a national emergency with respect to the unrestricted access of foreign parties to United States goods and technologies and continued the Export Administration Regulations (the "EAR") then in effect, 15 C.F.R. §§ 730-774.

7. Pursuant to its authority derived from IEEPA and through the EAR, the United States Department of Commerce reviews and controls the export of certain goods and technologies from the United States to foreign countries. In particular, the Department of Commerce has placed restrictions on the export of goods and technologies that it has determined could make a significant contribution to the military potential of other nations or that could be detrimental to the foreign policy or national security of the United States, including riflescopes

and optical sights for firearms not manufactured to military specifications. With limited exceptions not relevant here, at all times material to this Indictment, the Bureau of Industry and Security of the United States Department of Commerce prohibited the export to the Republic of the Philippines of riflescopes and optical sights for firearms not manufactured to military specifications, including the EOTech XPS3 holographic weaponsight and the ZD 1-4x22 Tactical K5.56 Meopta riflescope, unless a license was first obtained from the Department of Commerce.

8. At all times material to this Indictment, neither defendants **HAOQIAN LIU**, aka Tony Liu, aka "Jim," nor **WARREN SUMAYLO**, aka Warren Ng S, ever applied for or received a license to export riflescopes or optical sights from either the Departments of State or Commerce.

## COUNT 1

The introductory allegations are incorporated as if fully set forth herein.

9. Beginning at a date unknown but in or before November 2010, and continuing until at least April 2012, in the District of Oregon and elsewhere subject to the jurisdiction of the United States, defendants **HAOQIAN LIU**, aka Tony Liu, aka "Jim," and **WARREN SUMAYLO**, aka Warren Ng S, did intentionally, knowingly, and willfully conspire with each other and with persons unknown to the Grand Jury to commit offenses against the United States, to wit:

    a. To export and cause the exportation of defense articles on the United States Munitions List, from the United States to the Republic of the Philippines, without first having obtained the required licenses and authorizations from the United States Department of

State, in violation of Title 22, United States Code, Section 2778(b)(2) and 2778(c); and Title 22, Code of Federal Regulations, Sections 121.1, 123.1, and 127.1;

      b.    To export and cause the exportation of goods, items controlled for export under the Export Administration Regulations, from the United States to the Republic of the Philippines, without first having obtained the required licenses and authorizations from the United States Department of Commerce, in violation of Title 50, United States Code, Section 1705(c); Title 15, Code of Federal Regulations, Sections 742.7 and 764.2; and Executive Order No. 13222; and

      c.    To fraudulently and knowingly export and send from the United States merchandise, articles, and objects, and to fraudulently and knowingly receive, conceal, buy, sell, and facilitate the transportation, concealment, and sale of such merchandise, articles, and objects, specifically munitions, riflescopes, and optical sights for firearms, contrary to the laws and regulations of the United States, in violation of Title 18, United States Code, Section 554;

All in violation of Title 18, United States Code, Section 371.

10.    It was a part of the conspiracy that the defendant **WARREN SUMAYLO**, aka Warren Ng S, using the Internet, would and did order from suppliers located in the United States items which are on the United States Munitions List or otherwise subject to export control by the United States Department of Commerce.

11.    It was a further part of the conspiracy that defendant **WARREN SUMAYLO**, aka Warren Ng S, would and did arrange for these purchased items to be shipped by the United States-based sellers to defendant **HAOQIAN LIU**, aka Tony Liu, aka "Jim," in Oregon City,

///

Oregon, in order to conceal from the sellers and from United States authorities the fact that these items would be exported from the United States to the Republic of the Philippines.

12. It was a further part of the conspiracy that defendant **HAOQIAN LIU**, aka Tony Liu, aka "Jim," would and did arrange to ship the various items to the Republic of the Philippines to defendant **WARREN SUMAYLO**, aka Warren Ng S, or to others in the Philippines as directed by defendant **WARREN SUMAYLO**, aka Warren Ng S.

13. It was a further part of the conspiracy that defendant **HAOQIAN LIU**, aka Tony Liu, aka "Jim," would and did arrange to repackage the items and place false descriptions of the items on Customs Declarations so it was not apparent that items on the United States Munitions List or otherwise controlled for export by the United States Department of Commerce were being exported from the United States to the Republic of the Philippines.

14. In furtherance of the conspiracy, and in order to accomplish its purposes, the defendants committed and caused to be committed the following overt acts in the District of Oregon and elsewhere:

   a. On or about February 15, 2011, defendant **WARREN SUMAYLO**, aka Warren Ng S, sent an email to a business located in the United States requesting to purchase an EOTech Model 552 weaponsight. In response to an inquiry from the customer service director of the business located in the United States asking where the sight would be sent, defendant **WARREN SUMAYLO**, aka Warren Ng S, stated that the sight would be shipped to the Philippines by express mail. Defendant **WARREN SUMAYLO**, aka Warren Ng S, subsequently received a response by email from the customer service director stating that the "Philippines requires export license" and "We can't send any sights/scopes to your country."

b.  On or about May 10, 2011, defendant **HAOQIAN LIU**, aka Tony Liu, aka "Jim," sent an email to defendant **WARREN SUMAYLO**, aka Warren Ng S, stating that defendant **HAOQIAN LIU**, aka Tony Liu, aka "Jim," had removed some gun sights from boxes that "clearly mentioned" that an export license was required. Defendant **HAOQIAN LIU**, aka Tony Liu, aka "Jim," indicated he had shipped the sights without their boxes, stating that he had "just simply sent the items for easier custom release. Otherwise I might get trouble from it." In response, defendant **WARREN SUMAYLO**, aka Warren Ng S, asked defendant **HAOQIAN LIU**, aka Tony Liu, aka "Jim," to ship the retail boxes separately since he needed the retail boxes to sell the gun sights.

c.  On or about July 6, 2011, defendant **WARREN SUMAYLO**, aka Warren Ng S, purchased via eBay one EOTech 553 holographic weaponsight from a party located in the United States for $607.95. Defendant **WARREN SUMAYLO**, aka Warren Ng S, instructed the seller to ship the EOTech 553 weaponsight to him at the address of defendant **HAOQIAN LIU**, aka Tony Liu, aka "Jim," in Oregon City, Oregon.

d.  On or about July 12, 2011, defendant **HAOQIAN LIU**, aka Tony Liu, aka "Jim," sent an email to defendant **WARREN SUMAYLO**, aka Warren Ng S, informing him that he had received the EOTech 553 holographic weaponsight. Defendant **HAOQIAN LIU**, aka Tony Liu, aka "Jim," attached to the email a photograph of a sticker on the EOTech box which read "This defense article is controlled under the International Traffic in Arms Regulations (ITAR), and may not be exported to a Foreign Person, either in the U.S or abroad, without a license or exemption from the U.S. Department of State." Defendant **HAOQIAN LIU**, aka

///

Tony Liu, aka "Jim," stated that he was "afraid to get trouble if send it to you" and asked defendant **WARREN SUMAYLO**, aka Warren Ng S, "what do you suggest?"

   e.   On or about July 13, 2011, defendant **WARREN SUMAYLO**, aka Warren Ng S, sent an email to defendant **HAOQIAN LIU**, aka Tony Liu, aka "Jim," asking him if he could take off the sticker or ship the EOTech 553 holographic weaponsight without the box and ship its box separately.

   f.   On or about July 19, 2011, in Oregon City, Oregon, defendant **HAOQIAN LIU**, aka Tony Liu, aka "Jim," shipped the EOTech 553 holographic weaponsight to defendant **WARREN SUMAYLO**, aka Warren Ng S, in the Philippines via United States mail and emailed defendant **WARREN SUMAYLO**, aka Warren Ng S, the US Mail tracking number. On the United States Postal Service Customs Declaration Note, defendant **HAOQIAN LIU**, aka Tony Liu, aka "Jim," falsely stated that the package contained a "small telescope" worth $12. Defendant **HAOQIAN LIU**, aka Tony Liu, aka "Jim," charged defendant **WARREN SUMAYLO**, aka Warren Ng S, $88 for his service.

   g.   On or about July, 21, 2011, defendant **WARREN SUMAYLO**, aka Warren Ng S, sent an email to defendant **HAOQIAN LIU**, aka Tony Liu, aka "Jim," asking him to purchase a ZD 1-4x22 Tactical K5.56 Meopta riflescope.

   h.   On or about July 22, 2011, defendant **HAOQIAN LIU**, aka Tony Liu, aka "Jim," sent an email to defendant **WARREN SUMAYLO**, aka Warren Ng S, informing him that he had purchased the ZD 1-4x22 Tactical K5.56 Meopta riflescope with a LaRue Tactical QD mount and had sent a bill for $1450 to defendant **WARREN SUMAYLO**'s PayPal account.
/ / /

i. On or about August 1, 2011, in Oregon City, Oregon, defendant **HAOQIAN LIU**, aka Tony Liu, aka "Jim," shipped the ZD 1-4x22 Tactical K5.56 Meopta riflescope with a LaRue Tactical QD mount to defendant **WARREN SUMAYLO**, aka Warren Ng S, in the Philippines via United States mail and emailed defendant **WARREN SUMAYLO**, aka Warren Ng S, the US Mail tracking number. On the United States Postal Service Customs Declaration Note, defendant **HAOQIAN LIU**, aka Tony Liu, aka "Jim," falsely stated that the package contained a "small monocular" worth $4 and was a "gift." Defendant **HAOQIAN LIU**, aka Tony Liu, aka "Jim," charged defendant **WARREN SUMAYLO**, aka Warren Ng S, an additional $45 for his service.

j. On or about August 15, 2011, defendant **WARREN SUMAYLO**, aka Warren Ng S, purchased via PayPal from a business located in the United States an EOTech XPS3-0 holographic weaponsight for $515 and instructed the seller to send it to him at the address of defendant **HAOQIAN LIU**, aka Tony Liu, aka "Jim," in Oregon City, Oregon.

k. On or about August 19, 2011, in Oregon City, Oregon, defendant **HAOQIAN LIU**, aka Tony Liu, aka "Jim," shipped the EOTech XPS3-0 holographic weaponsight to defendant **WARREN SUMAYLO**, aka Warren Ng S, with two other items in the Philippines via United States mail and emailed defendant **WARREN SUMAYLO**, aka Warren Ng S, the US Mail tracking number. On the United States Postal Service Customs Declaration Note, defendant **HAOQIAN LIU**, aka Tony Liu, aka "Jim," falsely stated that the package contained a "small monocular" worth $5. Defendant **HAOQIAN LIU**, aka Tony Liu, aka "Jim," charged defendant **WARREN SUMAYLO**, aka Warren Ng S, $90 for his service.

///

## COUNT TWO

On or about July 19, 2011, in Oregon City, within the District of Oregon and elsewhere, defendants **HAOQIAN LIU**, aka Tony Liu, aka "Jim," and **WARREN SUMAYLO**, aka Warren Ng S, knowingly and willfully exported and caused to be exported from the United States to the Republic of the Philippines a defense article, that is, an EOTech Model 553 holographic weaponsight, which was designated as a defense article in section I(f) of the United States Munitions List, without having first obtained from the United States Department of State a license for such export and written authorization for such export;

All in violation of Title 22, United States Code, Section 2778(b)(2) and 2778(c); and Title 22, Code of Federal Regulations, Sections 121.1, 123.1, and 127.1; and Title 18, United States Code, Section 2.

## COUNT THREE

On or about July 19, 2011, within the District of Oregon, defendant **HAOQIAN LIU**, aka Tony Liu, aka "Jim," did knowingly and willfully make a materially false, fictitious, and fraudulent representation to the United States Postal Service, an agency within the jurisdiction of the executive branch of the United States, to wit: on Postal Service Form 2976-A-EMI (Customs Declaration Dispatch Note), that a package to be mailed by the Post Office contained a "gift" of a "small telescope" worth $12, when in truth and in fact, as the defendant then and there well knew, the package contained an EOTech Model 553 holographic weaponsight which had been purchased by defendant **WARREN SUMAYLO**, aka Warren Ng S, for substantially more than $12; all in violation of Title 18, United States Code, Section 1001(a)(2).

/ / /

## COUNT FOUR

On or about July 19, 2011, within the District of Oregon and elsewhere, defendants **HAOQIAN LIU**, aka Tony Liu, aka "Jim," and **WARREN SUMAYLO**, aka Warren Ng S, did fraudulently and knowingly export and send from the United States merchandise and articles, to wit: an EOTech Model 553 holographic weaponsight, contrary to the laws and regulations of the United States; all in violation of Title 18, United States Code, Sections 554 and 2.

## COUNT FIVE

On or about August 1, 2011, in Oregon City, within the District of Oregon and elsewhere, defendants **HAOQIAN LIU**, aka Tony Liu, aka "Jim," and **WARREN SUMAYLO**, aka Warren Ng S, knowingly and willfully exported and caused to be exported from the United States to the Republic of the Philippines a ZD 1-4x22 Tactical K5.56 Meopta riflescope, which was controlled under the Department of Commerce Export Administration Regulations for export to the Republic of the Philippines, without having first obtained from the Department of Commerce a license for such export and written authorization for such export;

All in violation of Title 50, United States Code, Section 1705(c); Title 15, Code of Federal Regulations, Sections 742.7 and 764.2; Executive Order No. 13222; and Title 18, United States Code, Section 2.

## COUNT SIX

On or about August 1, 2011, within the District of Oregon, defendant **HAOQIAN LIU**, aka Tony Liu, aka "Jim," did knowingly and willfully make a materially false, fictitious, and fraudulent representation to the United States Postal Service, an agency within the jurisdiction of the executive branch of the United States, to wit: on Postal Service Form 2976-A-EMI (Customs

Declaration Dispatch Note), that a package to be mailed by the Post Office contained a "gift" of a "small monocular" worth $4, when in truth and in fact, as the defendant then and there well knew, the package contained a ZD 1-4x22 Tactical K5.56 Meopta riflescope and LaRue Tactical QD mount which he had purchased and sold to defendant **WARREN SUMAYLO**, aka Warren Ng S, for substantially more than $4; all in violation of Title 18, United States Code, Section 1001(a)(2).

## COUNT SEVEN

On or about August 1, 2011, within the District of Oregon and elsewhere, defendants **HAOQIAN LIU**, aka Tony Liu, aka "Jim," and **WARREN SUMAYLO**, aka Warren Ng S, did fraudulently and knowingly export and send from the United States merchandise and articles, to wit: a ZD 1-4x22 Tactical K5.56 Meopta riflescope, contrary to the laws and regulations of the United States; all in violation of Title 18, United States Code, Sections 554 and 2.

## COUNT EIGHT

On or about August 19, 2011, in Oregon City, within the District of Oregon and elsewhere, defendants **HAOQIAN LIU**, aka Tony Liu, aka "Jim," and **WARREN SUMAYLO**, aka Warren Ng S, knowingly and willfully exported and caused to be exported from the United States to the Republic of the Philippines an EOTech XPS3 holographic weaponsight, which was controlled under the Department of Commerce Export Administration Regulations for export to the Republic of the Philippines, without having first obtained from the Department of Commerce a license for such export and written authorization for such export;

/ / /

/ / /

All in violation of Title 50, United States Code, Section 1705(c); Title 15, Code of Federal Regulations, Sections 742.7 and 764.2; Executive Order No. 13222; and Title 18, United States Code, Section 2.

### COUNT NINE

On or about August 19, 2011, within the District of Oregon, defendant **HAOQIAN LIU**, aka Tony Liu, aka "Jim," did knowingly and willfully make a materially false, fictitious, and fraudulent representation to the United States Postal Service, an agency within the jurisdiction of the executive branch of the United States, to wit: on Postal Service Form 2976-A-EMI (Customs Declaration Dispatch Note), that a package to be mailed by the Post Office contained a "gift" of a "small monocular" worth $5, when in truth and in fact, as the defendant then and there well knew, the package contained an EOTech Model XPS3 holographic weaponsight which had been purchased by defendant **WARREN SUMAYLO**, aka Warren Ng S, for substantially more than $5; all in violation of Title 18, United States Code, Section 1001(a)(2).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## COUNT TEN

On or about August 19, 2011, within the District of Oregon and elsewhere, defendants **HAOQIAN LIU**, aka Tony Liu, aka "Jim," and **WARREN SUMAYLO**, aka Warren Ng S, did fraudulently and knowingly export and send from the United States merchandise and articles, to wit: an EOTech Model XPS3 holographic weaponsight, contrary to the laws and regulations of the United States; all in violation of Title 18, United States Code, Sections 554 and 2.

Dated this 22 day of July 2014.

A TRUE BILL.

_____
OFFICIATING FOREPERSON

Presented by:

S. AMANDA MARSHALL, OSB #95347
United States Attorney
District of Oregon

_____
CHARLES F. GORDER, JR., OSB #91287
Assistant United States Attorney
(503) 727-1000